The People of the State of New York, Respondent, *v.* James Grant, Appellant.

Fourth Department, December 23, 1936.

*Clarence L. Burton,* for the appellant.

*Clarence J. Henry,* for the respondent.

Per Curiam. Defendant appeals from a judgment convicting him of the crime of burglary, third degree. He was sentenced to serve ten years minimum to twenty years maximum in prison. The identification of defendant as the perpetrator of the crime rests entirely upon his written confession, the commission of the crime having been otherwise amply proved. The admissibility of the confession in evidence was not contested by defendant but its truthfulness was strenuously controverted. Defendant testified that the alleged confession was untrue, claiming that he was induced to make it through a promise made to him by one Connors, chief of police, that a plea of guilty of " malicious mischief " would be accepted by the court if defendant confessed. Connors testified that he made no such promise, but defendant's counsel was not permitted in his cross-examination of Connors to lay the foundation for proof by other witnesses of prior statements by Connors wherein he had admitted that he made the promise to defendant. It was the expressed theory of the trial court that such a promise by Connors was immaterial inasmuch as Connors was not district attorney

and that, therefore, section 395 of the Code of Criminal Procedure did not render the confession inadmissible in evidence. For the same reason defendant was prevented from proving by witnesses that Connors had made statements contradictory of his denials that he had promised leniency to defendant — defendant's counsel, as stated, having attempted to lay the necessary ground work by examining Connors. These rulings were erroneous and were of decidedly material importance because, as has been said, the identification of defendant as the burglar rested upon the confession alone. It was not a matter of the admissibility of the confession in evidence. That was conceded. The purpose of defendant's counsel was to satisfy the jury that the confession was untrue and his right to have done so is so clear that no citation of authority is necessary.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment of conviction and order reversed on the law and a new trial granted.